# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LEROY PURNELL, on behalf of himself**                                                      **PETITIONER**
**and others similarly situated**

**V.**                        **NO. 4:18-CV-99-DMB-JMV**

**DONALD TRUMP, President of the**
**United States, et al.**                      **RESPONDENTS**

## ORDER

This petition for a writ of habeas corpus is before the Court on the Report and Recommendation of United States Magistrate Judge Jane M. Virden. Doc. #3.

## I
## Procedural History

On April 30, 2018, Leroy Purnell filed in the United States District Court for the Northern District of Mississippi a "Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief." Doc. #1. The document, which names as defendants numerous government officials and agencies, seeks various forms of relief (including a writ of habeas corpus, declaratory relief, and monetary damages) based on allegations that he was (and remains) "detained" through improper acts of secret electronic surveillance, including the use of implants, and that such surveillance violates his constitutional rights. *See generally id.*

On May 4, 2018, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation construing Purnell's filing as a habeas petition and recommending its dismissal because Purnell is not in custody. Doc. #3. Purnell, whose address of record does not appear to be a penal institution, objected to the Report and Recommendation on May 16, 2018. Doc. #5.

**II**
**Standard**

Under 28 U.S.C § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

**III**
**Analysis**

As explained above, Judge Virden construed Purnell's initial filing as a habeas petition and recommends dismissing the petition because Purnell is not in custody. Doc. #3. Judge Virden is correct that courts lack jurisdiction over habeas petitions filed by petitioners not in "custody." *See Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003). "Usually, custody signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction." *Id.* (quotation marks omitted). Because Purnell's objections to the Report and Recommendation (which merely state general principals of habeas law) do not show that Purnell is in custody within the meaning of habeas statutes, his claims fail to the extent the pleading is construed as a habeas petition.[1]

**IV**
**Certificate of Appealability**

Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts

---

[1] In his objections, Purnell did not challenge Judge Virden's decision to construe his petition as one seeking habeas relief. While Purnell's petition also seeks relief consistent with a general civil action, he has not paid a civil filing fee and has not moved to proceed in forma pauperis. Accordingly, the Court declines to construe Purnell's pleading as anything but a petition for a writ of habeas corpus. To the extent Purnell intended to assert non-habeas civil claims, he should have paid the $400 civil filing fee or sought leave to proceed in forma pauperis.

requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## V
## Conclusion

The Report and Recommendation [3] is **ADOPTED** as the order of the Court. Purnell's petition for a writ of habeas corpus [1] is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 19th day of September, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**